```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 14-22375-Civ-MORENO
                                         (91-Cr-655-MORENO)
                                   MAGISTRATE JUDGE P.A. WHITE
```

CHARLES CLARK,                 :

    Movant,                    :      REPORT RE DISMISSAL
                                        FOR FAILURE TO OBTAIN
v.                             :      AUTHORIZATION PURSUANT TO
                                        28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,      :

    Respondent                 :
_____

## I. Introduction

Charles Clark filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentences, entered following a jury trial in Case No. 91-Cr-655-Moreno.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the movant's motion and memorandum in support thereof (Cv-DE#1, 4), the Presentence Investigation Report ("PSI"), the court's Statement of Reasons ("SOR"), along with all pertinent portions of the underlying criminal file and the movant's prior §2255 motions to vacate, assigned case nos. 96-3407-CIV-Moreno, 13-Cv-20520-Moreno and 14-Cv-22154-Moreno.[1]

---

[1] The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

No order to show cause has been issued because, on the face of the petition, it is evident petitioner is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## II. Procedural History

The following factual and procedural history is taken from the Report issued in Clark's first §2255 proceeding. (13-Cv-20520-Moreno, DE# 17). Movant was indicted in 1991 for cocaine offenses. On December 3, 1992, he was found guilty by a jury and convicted on both counts, namely, conspiracy to possess with intent to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C §846 and 841(a)(1). (PSI ¶1). Prior to sentencing, a PSI was prepared establishing the following. The PSI set the movant's base offense level at 42, pursuant to U.S.S.G. §2D1.1(a)(6) because the offense involved at least 4,560 kilograms of cocaine. (PSI ¶9). Four levels were added because the movant maintained a leadership role within his organization, involving five or more participants. (PSI ¶11). The total offense level was set at 46. (PSI ¶16). Pursuant to the government's notice to seek enhanced penalty filed on February 12, 1992, the statutory provision for counts 1 and 2 were life imprisonment, pursuant to 21 U.S.C. §851. (PSI ¶37).

Following the government's filing of a second offender notice, Movant was sentenced to life imprisonment. He appealed his convictions and sentence, and in May 1996, the Court of Appeals

2

affirmed the judgement of this Court. United States v. Clark, 84 F.3d 436 (11th Cir. Apr 17, 1996).

On December 13, 1996, Movant filed a 2255 petition seeking to vacate or correct his sentence. (Case No. 96-3407-CIV-Moreno, DE# 1). In August 1997, this Court denied his petition. (Case No. 96-3407-CIV-Moreno, DE# 5). Movant filed a Notice of Appeal of the denial, but his appeal was turned down by the Court of Appeals in May, 1998. (Case No. 96-3407-CIV-Moreno, DE# 14).

Other collateral litigation by Movant, seeking a sentence reduction pursuant to 18 U.S.C. §3582 and 18 U.S.C. §3559, was similarly unavailing, as were his attempts to appeal the same. See (91-CR-00655).

On February 11, 2013, Clark filed another §2255 petition at in case no. 13-Cv-20520. Construing the arguments liberally as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant took issue with the fact that he proceeded to trial, rather than entering a plea. (13-Cv-20520, Cv DE# 1). The government filed a response wherein it argued that the instant petition is untimely and also addressed the above issue. (13-Cv-20520, Cv DE# 7). The movant filed a reply thereto. (13-Cv-20520, Cv DE# 12). The Undersigned issued a Report recommending the motion to vacate entered under 28 U.S.C. §2255 be denied as untimely and the case be closed. (13-Cv-20520, Cv DE# 17). The District Court adopted the report and closed the case. (13-Cv-20520, Cv DE# 19). Clark appealed. (13-Cv-20520, Cv DE# 21). He filed a motion for certificate of appealability, which the District Court denied. (13-Cv-20520, Cv DE# 24, 25). He appealed the denial as well. (13-Cv-20520, Cv DE# 27). The appeal appears to remain

pending.

The movant filed a third §2255 motion on June 2, 2014 wherein he argued he is actually innocent of the section 851 enhancement and it was a miscarriage of justice to enhance his sentence due to an invalid prior conviction. (14-Cv-22154, DE# 1, 4). The Undersigned issued a report recommending the case be dismissed as successive. (14-Cv-22154, DE# 5). The District Court issued an order adopting the report and recommendation. (14-Cv-22154, DE# 6).

The movant has returned to this court, filing a fourth §2255 motion on June 16, 2014.[2] (Cv-DE#1, 4). In this §2255 motion, movant again raises one grounds for relief, namely, that he is actually innocent of the section 851 enhancement and it was a miscarriage of justice to enhance his sentence due to an invalid prior conviction. (Cv DE# 1, p. 4).

### III.  Discussion

Postconviction relief is available to a federal prisoner under 28 U.S.C. §2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C.

---

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

§2255(a). A federal prisoner who already filed a §2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence is such a motion. See 28 U.S.C. §2255(h); 28 U.S.C. §2244(b)(3)(A).

While movant's challenge to his convictions and sentences may be cognizable under an initial 28 U.S.C. §2255(a), he has already filed and had denied on the merits, a prior motion to vacate his sentence under §2255. Therefore, the instant motion is clearly successive subject to dismissal for his failure to seek authorization from the Eleventh Circuit to file another §2255 motion. See United States v. Searcy, 448 Fed.Appx. 984 (11th Cir. 2011), citing, 28 U.S.C. §2255(h).

Further, in order for the movant to seek vacatur of his convictions and sentence, he must first seek and obtain the required authorization from the courts of appeals. Movant has not provided any evidence here that authorization from the Eleventh Circuit Court of Appeals has been obtained, thereby permitting this court to consider this successive §2255. He is required to secure the permission of the Eleventh Circuit before this Court can consider this latest motion. See Ramos v. Warden, FCI Jesup, 502 Fed.Appx. 902, 904 (11th Cir. 2012). Specifically, 28 U.S.C. §2255(h) provides that "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Since movant has not obtained the required authorization, movant's §2255 motion should be dismissed for lack of jurisdiction. See also e.g., United States v. Mosqueda, 2013 WL 4493581, at *2 (N.D. Fla. Aug. 19,

5

2013)(dismissing a petitioner's §2255 motion based in part on <u>Alleyne</u> for failing to seek permission from the court of appeals to file a second §2255 motion).

Even if movant had sought permission from the Eleventh Circuit to file a successive §2255 motion, his claim fails to meet the statutory criteria permitting a second habeas petition. A circuit court of appeals may only allow such a motion when it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S. §2255(h). No such showing has been made here.

However, that does not end the inquiry because §2255(e) does contain a savings clause that will allow a federal prisoner to bring a second or successive habeas motion under 28 U.S.C. §2241 in certain limited situations without fulfilling the requirements of 28 §2255(h). <u>See</u> 28 U.S.C. § 2255(e). Pursuant to the savings clause, a successive §2255 motion can be considered without movant first obtaining authorization by a court of appeals if the federal prisoner can establish that the remedy provided under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 945 (11th

6

Cir. 2005).

In order to take advantage of the savings clause, the federal prisoner must file a §2241 petition attacking his convictions and sentences. Darby, 405 F.3d at 945. However, "[t]he existence of the statutory bar on second and successive motions cannot mean that §2255 is inadequate or ineffective to test the legality of [movant's] detention within the meaning of the savings clause." Gilbert, 640 F.3d at 1308 (internal quotation marks omitted). Like Gilbert, the savings clause of §2255(e) does not permit the movant here to bring a claim in a §2241 petition. Since movant's motion seeks to raise claims for relief challenging his convictions and he has failed to show a defect in his earlier §2255 proceeding, this is an impermissible second or successive §2255 motion, which cannot proceed absent authorization from the court of appeals.

Notwithstanding, if movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). Movant will be provided with a form to apply for such authorization with this report.

IV. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District

Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## V. Conclusion

Based upon the foregoing, it is recommended that this motion to vacate be **DISMISSED** for failure of the movant to obtain, from

8

the Eleventh Circuit Court of Appeals, the authorization required by 28 U.S.C. §2244(b)(3) to file a successive §2255 motion. It is further recommended that no certificate of appealability issue, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charles Clark
    #45909-004
    Coleman Medium
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 1032
    Coleman, FL 33521

    United States Attorney